IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81939 |
| | ) | |
| BRANDON ALLEN CRAM and | ) | CH. 13 |
| JULIE ANN CRAM, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

   Hearing was held in Omaha, Nebraska, on July 16, 2007, on Debtors' Objection (Fil. #22) to the secured claim filed by Wells Fargo Financial Nebraska, Inc. ("Wells Fargo"), and a Resistance thereto filed by Wells Fargo (Fil. #25). Richard Register appeared for Debtors, and Matthew E. Eck appeared for Wells Fargo.

   Debtors objected to the proof of claim filed by Wells Fargo. Specifically, Debtors object to the $13,450.00 valuation Wells Fargo placed upon its collateral, a 2002 Chevrolet Trailblazer ("Vehicle"), as the secured portion of its claim. 11 U.S.C. § 506(a)(2) instructs that the value of personal property securing an allowed claim shall be determined based on the replacement value of such property. It further provides that if the property was acquired for personal, family, or household purposes, the replacement value is the price a retail merchant would charge for property of that kind considering its age and condition.

   The parties submitted this matter to the Court on affidavit evidence. Debtors presented the "Affidavit of Value" of Bob Stiven of Autotech (Fil. #39). The affidavit does not fully explain Mr. Stiven's business, but indicates he has been involved in buying and selling vehicles for 13 years. Mr. Stiven notes some damage and repair issues with respect to the Vehicle, indicates that he consulted the NADA Blue Book, Kelley Blue Book, Edmunds.com, and auction sales results, and arrived at an opinion of value of $8,700.00. However, in the attachments to his affidavit, Mr. Stiven shows a Kelley Blue Book valuation for this type of vehicle in the amount of $10,635.00 in good condition, an NADA "clean retail" value of $12,125.00, and, according to Edmunds, a dealer retail value of $11,584.00. The attachments to the affidavit also indicate that the necessary repairs to the Vehicle (bumper, cruise, and climate control repairs) would be in the range of $1,000.00 to $1,300.00.

   Wells Fargo presented the Affidavit of Leslie Carlson (Fil. #43), who works as a vehicle appraiser for Property Damage Appraisers in Omaha, Nebraska. Mr. Carlson indicated that based upon the NADA Official Used Car Guide, as well as his experience, it is his opinion that the Vehicle had a fair market retail value of $11,925.00 less deductions for repairs in the amount of $1,433.00, for a final fair market value of $10,492.00.

   Wells Fargo asserts that Debtors have a contractual obligation to keep the Vehicle in good repair and, therefore, the repair expenses should not be deducted from the value of $11,925.00. No evidence was presented as to how the damage to the Vehicle occurred, but Debtors' attorney advised

the Court that there was no collision or other event that would cause insurance coverage (beyond the deductible amount) to be available. Thus, the damage issues are basically wear-and-tear items that Wells Fargo's appraiser factored into his final value estimate of $10,492.00. That valuation appears to be supported even by the various attachments to Mr. Stiven's affidavit presented by Debtors. Therefore, I will accept the valuation of the Vehicle, reduced by repair costs, presented by Wells Fargo's appraiser.

IT IS ORDERED: That Debtors' objection to the secured claim of Wells Fargo (Fil. #22) is sustained solely for the purpose of reducing such claim from $13,450.00 to $10,492.00. Debtors' request to reduce the value of the secured claim to $8,700.00 is denied.

DATED: July 19, 2007.

BY THE COURT:

/s/ *Thomas L. Saladino*
United States Bankruptcy Judge

Notice given by the Court to:
    *Richard Register
    Matthew E. Eck
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.